UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EURO CLASSICS, INC., | : | |
| | : | Civil Action No. 05-3249 (HAA) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PBB GLOBAL LOGISTICS, | : | **ORDER** |
| | : | |
| Defendant. | : | |

**THIS MATTER** having been opened to the Court upon motion of William L. Handler, Esq., counsel of record for Plaintiff Euro Classics, Inc., to withdraw as counsel in this matter pursuant to L. Civ. R. 102.1; and Mr. Handler representing to the Court that he seeks to withdraw as counsel for Plaintiff on the grounds that Plaintiff does not wish to "pursue its affirmative claim as set forth in the complaint or any longer defend the claim which has been put forth by the defendant (Handler Cert. ¶ 3, Docket Entry # 25); and the Court having considered the Handler Certification and the accompanying papers thereto; and no opposition having been received; and

**THE COURT NOTING** that L. Civ. R. 102.1 provides that, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." Furthermore, the decision of whether to permit counsel to withdraw is left to the sound discretion of the court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996); and

**THE COURT FURTHER NOTING** that Rule of Professional Conduct 1.16(b) permits an attorney to withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetuate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause shown for withdrawal exists.

RPC 1.16(b); *see also Haines v. Liggett Group, Inc*., 814 F.Supp. 414, 422 (D.N.J. 1993); and

**THE COURT FURTHER NOTING** that even if counsel seeking to withdraw demonstrates good cause as defined in RPC 1.16(b), a decision with respect to withdrawal remains entirely within the discretion of the Court. RPC 1.16(c); *see also Haines v. Liggett Group, Inc.*, 814 F.Supp. 414, 422 (D.N.J. 1993) (finding that RPC 1.16(c), "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause'); and

**THE COURT FURTHER NOTING** that the following factors shall be considered in conjunction with a motion for withdrawal: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution

of the case." *Haines*, 814 F.Supp. at 423; *accord U.S. ex. rel., Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys.*, 994 F.Supp.244, 252-253 (D.N.J. 1997)); and

**THE COURT FURTHER NOTING** that corporate entities can only appear in federal court through a licensed attorney.  *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal court only through licensed counsel"); *accord Simbraw v. U.S.*, 367 F.2d 373 (3d Cir. 1966); *see also Buschmeier v. G & G Investments, Inc.*, 222 Fed. Appx. 160, 165 (3d. Cir. 2007) (Nygaard, C.J., concurring in part and dissenting in part) ("To me, the law is crystal clear: in federal courts, a corporation must be represented by counsel ... This requirement cannot be waived") (internal citations omitted); and

**THE COURT FURTHER NOTING** that a law firm can withdraw from representing a corporation – even before the corporation retains new counsel

> once the firm demonstrates that the ordinary rules of withdrawal have been met and its appearance serves no meaningful purpose. Whether or not a law firm's appearance serves no meaningful purpose will be based on potential prejudice to all litigating parties. One factor to consider in any prejudice analysis is the stage of the litigation.

*Buschmeier*, 222 Fed. Appx. at 164 (*citing Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676 (3d Cir. 1986)); and

**THE COURT FURTHER NOTING** that in determining whether an appearance serves "no meaningful purpose," the Court must consider, "(1) the burden imposed on the potentially withdrawing counsel if the status quo is maintained, (2) the stage of the proceedings, and (3) and the prejudice to other parties." *Buschmeier*, 222 Fed. Appx. at 164

(*citing Fidelity Nat'l. Tile Ins. Co. of New York v. Intercounty Nat'l. Title Ins. Co.*, 310 F.3d 537 (7th Cir. 2002)); and

**THE COURT FINDING** that Plaintiff Euro Classics, Inc. no longer wishes to pursue the present litigation; and

**THE COURT FURTHER FINDING** that "good cause" exists for permitting Handler to withdraw as counsel for Plaintiff; and

**THE COURT HAVING CONSIDERED** the matter pursuant to Fed. R. Civ. P. 78; and for good cause showing;

**IT IS on this 11th day of August, 2008,**

**ORDERED THAT** Handler's motion to withdraw as counsel for Plaintiff Euro Classics, Inc. (Docket Entry # 21) is **GRANTED**; and it is

**FURTHER ORDERED** that William L. Handler, Esq. is relieved of any further responsibility in this case with regard to Plaintiff Euro Classics, Inc.; and it is

**FURTHER ORDERED** that William L. Handler, Esq. shall serve a copy of this order, via certified mail return receipt requested, upon Plaintiff Euro Classics, Inc. within **5 days** of receipt of this Order.

                                                    s/Esther Salas
                                                    **ESTHER SALAS**
                                                    **UNITED STATES MAGISTRATE JUDGE**