NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EURO CLASSICS, INC. | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 05-3249 (HAA) |
| v. | **OPINION & ORDER** |
| PBB GLOBAL LOGISTICS, | |
| Defendant. | |

Euro Classics, Inc.
1831 Burnet Avenue
Union, NJ 07083
*Pro Se Plaintiff*

MAHONEY & KEANE, LLP
Garth S. Wolfson, Esq.
111 Broadway, Tenth Floor
New York, NY 10006
*Attorneys for Defendant PBB Global Logistics*

**Ackerman, Senior District Judge:**

    This matter comes before the Court on Defendant's motion for summary judgment (Doc. No. 18).  For the following reasons, Defendant's motion will be granted.

1

## BACKGROUND

Plaintiff Euro Classics, Inc., a New Jersey corporation, is an importer of bath products from Asia. Defendant PBB Global Logistics transports freight and warehouses shipments. In the summer of 2003, Plaintiff hired Defendant to ship, warehouse, and distribute goods from China to the United States. Over the next two years, Plaintiff alleges that it suffered damages as a result of Defendant's infirmities in issuing bills of lading, transporting, and warehousing goods. In particular, Plaintiff alleges that the closing of one PBB warehouse caused Plaintiff to incur expenses in connection with finding a new facility in the area. On May 5, 2005, Plaintiff filed suit in the Superior Court of New Jersey, and the next month, Plaintiff's suit was removed to this Court. In its Complaint, Plaintiff alleges three counts against Defendant, all stemming from similar alleged acts and omissions committed by Defendant, totaling an estimated $160,000 in damages. In its Answer to Plaintiff's Complaint, Defendant filed counterclaims for outstanding freight charges totaling $142,693.99.[1]

On August 11, 2008, Magistrate Judge Salas granted Plaintiff's counsel's motion to be relieved. To date, Plaintiff has not obtained replacement counsel and Defendant's present motion remains unopposed.

---

[1] The Court enjoys subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. Plaintiff's claims fall under the Court's admiralty and maritime jurisdiction pursuant to Rule 9(h). Fed. R. Civ. P. 9(h); *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 535 (1995).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *see also Todaro v. Bowman*, 872 F.2d 43, 46 (3d Cir. 1989); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). In other words, "summary judgment may be granted if the movant shows that there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indian Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences are construed in the light most favorable to the non-moving party. *See Peters v. Del. River Port Auth. of Pa. and N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994).

The substantive law will identify which facts are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Therefore, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue. *Id.* At the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the finder of fact. *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1230 (3d Cir. 1993). Therefore, to raise a genuine issue of material fact, the summary judgment opponent "'need not match, item for item, each piece of evidence proffered by the movant,' but simply

must exceed the 'mere scintilla' standard." *Id.* (citing *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962)). Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); see also *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir.1991) (stating that non-movant may not "rest upon mere allegations, general denials, or . . . vague statements"). Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

Here, Plaintiff presents no evidence or documentation supporting its claims. By contrast, Defendant presents evidence that the parties understood that Defendant was required to give Plaintiff thirty days' notice for its warehouse closings. (Wolfson Decl., Ex. J. ("Sella Tr.") at 50.) In turn, deposition testimony and documentary evidence establish that Defendant did in fact give Plaintiff at least thirty days' notice for its closings. (Wolfson Decl., Ex. E; Sella Tr. at 49-51, 84-86.) Further, Plaintiff presents no invoices or other support for its claimed damages figure of approximately $160,000. In deposition testimony, Plaintiff's Vice President of Operations, Peter Sella, admitted that he was unable to link any particular "chargeback" loss to any specific allegation involving Defendant. (Sella Tr. at 93-106.) In short, there is no evidence in the record sufficient to raise a material issue of fact regarding Plaintiff's allegations that Defendant was responsible for the damages claimed.

Turning to Defendant's counterclaims, Defendant provides evidence that it entered into a contract with Plaintiff, performed various services under the contract, and demanded payment from Plaintiff for services rendered. Defendant further provides evidence that Plaintiff received invoices totaling $142,693.99, an amount due which remains outstanding. (Wolfson Decl., Ex. F.) In deposition testimony, Sella acknowledged that Plaintiff still owes Defendant this amount, and that Plaintiff delayed payment "because we were trying to negotiate a settlement on the outstanding issues" embodied in Plaintiff's Complaint. (Wolfson Decl., Sella Tr. 125-26.) Those "outstanding issues" have now been resolved. There is no contrary evidence before the Court and Defendant has met its burden to demonstrate the absence of a genuine issue of material fact. Therefore, the Court grants summary judgment in Defendant's favor.

As an aside, the Court observes with displeasure what appears to be a pattern of Plaintiff of filing frivolous lawsuits ostensibly to delay payment of monies owed. *See Euro Classics, Inc. v. Exel Global Logistics, Inc.*, No. C06-843JLR, 2007 WL 419337, at *1 (W.D. Wash. Feb. 5, 2007) (granting unopposed motion for summary judgment for pending invoices); *Euro Classics, Inc. v. Hankyu Int'l Transp. (USA), Inc.*, No. 06-2069 (D.N.J. Sep. 9, 2006) (granting default motion for summary judgment against Euro Classics in the amount of $212,450.64). Plaintiff's lawsuit appears to be another charade, and it will again face a judgment against it.

## CONCLUSION & ORDER

For the aforementioned reasons, the Court hereby:

1. GRANTS Defendant's motion for summary judgment (Doc. No. 18) on Plaintiff's claims;

2. DISMISSES Plaintiff's Complaint;

3. GRANTS Defendant's motion for summary judgment (Doc. No. 18) on Defendant's counterclaims; and

4. enters judgment in favor of Defendant in the amount of $142,693.99 plus interest.


Newark, New Jersey
Date: December 2, 2008

                                                /s Harold A. Ackerman, U.S.D.J.